

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-5-2008

# USA v. Purnell

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4418

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Purnell" (2008). *2008 Decisions.* Paper 719.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/719

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4418
_____

UNITED STATES OF AMERICA

v.

MARTIN PURNELL,
a/k/a
MARTIN TIMOTHY SPENCER, JR.

Martin Purnell,

Appellant

On Appeal from the United States District Court
for the District of Delaware
D.C. Criminal No. 03-cr-00095
(Honorable Sue L. Robinson)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2008

Before: McKEE and ROTH, *Circuit Judges*, and O'NEILL, *District Judge**

(Filed: August 5, 2008)

OPINION OF THE COURT

---

* The Honorable Thomas N. O'Neill, Jr., Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

McKee, *Circuit Judge.*

Martin Purnell appeals his conviction and sentence on four counts of distribution of fifty grams or more of cocaine base in violation of 21 U.S.C. 841(a)(1) and (b)(1)(a). Because it is not clear from the record of the sentencing hearing whether the district court understood and fully exercised its discretion to address sentencing disparity between powder cocaine and crack cocaine, we will remand for resentencing.[1]

## I.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not recite the factual or procedural background. Purnell argued in his supplemental brief that the district court erred in imposing sentence without considering the disparity between Guideline calculations for powder cocaine and crack cocaine.

After Purnell filed his brief, the Supreme Court decided *Kimbrough v. United States*, 128 S. Ct. 558 (2007). There, the Court explained that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes . . . ." 128 S. Ct. at 575. In addition, the United States Sentencing Commission has since adopted Amendment 706 modifying the Guideline ranges

---

[1] As we briefly note below, the other issues Purnell raises are without merit, and we will therefore affirm the judgment of conviction.

2

applicable to crack cocaine offenses. Amendment 706 decreases the base offense levels for crack cocaine offenses by two levels. *See* U.S.S.G. § 2D1.1.

Purnell was subject to a mandatory minimum sentence of 10 years for his conviction for distributing crack cocaine. The Presentence Report calculated a Guideline sentence of 151 to 188 months based on an offense level of 34 and a criminal history category of I.[2] Purnell was sentenced to concurrent terms of imprisonment of 138 months on each count, followed by five years' supervised release. Not surprisingly, the government argued at the sentencing hearing for a sentence within the Guideline range. Defense counsel relied on Purnell's youth and lack of criminal history to argue that the ten-year mandatory term of imprisonment was sufficient punishment.[3] App. Vol. II at 15.

In pronouncing sentence, the district court explained:

> I have reviewed all the information. I do believe the guideline is – well, I am going to depart from the guideline to the extent I can, taking into account what sentence could have been imposed had you pled guilty, taking into account the sentences imposed on others with similar conduct.
> I have to take those into account in order to maintain some semblance of reason in connection with our cases. . . .

App. Vol. II at 38. There is nothing further in the record to indicate whether the district court was referring to the then existing 100:1 powder/crack disparity when granting a

---

[2] Purnell was sentenced pursuant to the 2005 Guidelines Manual.

[3] Purnell's counsel also argued that "the guidelines in this case as they are in many cases of this nature are excessive . . . ." App. Vol. II at 15. It is unclear whether this was meant to be a reference to the crack/powder Guidelines disparity.

3

downward variance "to maintain some semblance of reason in connection with our cases." Nor can we be certain that the district court understood the full amount of sentencing discretion available as subsequently explained in *Kimbrough*. Accordingly, we will remand for resentencing to allow the district court to consider the impact of *Kimbrough* and Amendment 706, and to offer a more specific explanation for whatever sentence the court may impose on remand pursuant to 18 U.S.C. § 3553(a).

## II.

The district court did not clearly err in failing to grant Purnell's challenge to jury selection based on *Batson v. Kentucky*, 476 U.S. 79 (1986). *See United States v. Uwaezhoke*, 995 F.2d 388, 394 (3d Cir.1993) ("We must accept the factual determination of the district court unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.").

Nor did the court commit plain error in admitting at trial the taped conversations between Purnell and a government informant. Purnell's claim that the evidence was not admissible absent the live testimony of the government informant is meritless. *See United States v. Gajo*, 290 F.3d 922, 930 (7th Cir. 2002) (noting that courts routinely admit both sides of an informant-defendant recorded conversation for non-hearsay purpose of providing context and listing cases). Accordingly, we will affirm the decision to admit

4

that evidence substantially for the reasons set forth by the district court in its December 16, 2004, Order. App. Vol. II at 51.

Purnell's contention that the district court erred in holding that the cocaine base he was convicted of distributing was a Schedule II controlled substance is similarly without merit. *See United States v. Barbosa*, 271 F.3d 438, 467 (3d Cir. 2001).

## III.

Because the district court sentenced Purnell without the benefit of our decision in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006) (holding that courts may consider crack/powder disparity in fashioning reasonable sentence), or the Supreme Court's decision in *Kimbrough*, we will vacate the judgement of sentence and remand for reconsideration.