**UNITED STATES of America**

v.

**Martin PURNELL, a/k/a Martin Timothy Spencer, Jr.;**

**Martin Purnell, Appellant.**

**No. 09–2140.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) Jan. 14, 2010.

Filed: Jan. 14, 2010.

April Byrd, Esq., Shannon T. Hanson, Esq., Office of United States Attorney, Wilmington, DE, for United States of America.

Christopher G. Furlong, Esq., Media, PA, for Appellant.

Before: SCIRICA, Chief Judge, BARRY, and SMITH, Circuit Judges.

OPINION

SMITH, Circuit Judge.

In March of 2005, a jury convicted Martin Purnell of four counts of distributing more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The United States District Court for the District of Delaware sentenced Purnell to, *inter alia,* a below guidelines sentence of 138 months of imprisonment on each count, with the terms of each count to run concurrently. On appeal, we affirmed Purnell's conviction, vacated his sentence, and remanded for resentencing pursuant to *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). *United States v. Purnell,* 317 Fed.Appx. 118 (3d Cir.2008).

On remand, Purnell's pre-sentence report was revised using the 2008 Guidelines Manual, which incorporated the two level decrease in § 2D1.1 for crack cocaine offenses required by Amendment 706 of the Sentencing Guidelines. *See United States v. Wise,* 515 F.3d 207, 219 (3d Cir.2008) (observing that the general effect of Amendment 706 to the United States Sentencing Guidelines was a two level decrease in the offense level). In addition, because Purnell met with law enforcement authorities following remand, he qualified for the safety valve provision in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a), which further decreased his offense level by two points and rendered the mandatory minimum of ten years inapplicable. As a consequence, his total offense level decreased from 34 to 30. Because his criminal history category remained a level I, his guideline range decreased from 151 to 188 months, to 97 to 121 months. At the conclusion of the resentencing proceeding, the District Court sentenced Purnell to, *inter alia,* 102 months of imprisonment on

each of the four counts, with the terms to run concurrently. This timely appeal followed.[1]

Purnell argues that his sentence is procedurally unreasonable because the District Court failed to fully consider the factors set forth in 18 U.S.C. § 3553(a), particularly the disparity between crack cocaine sentences and powder cocaine sentences. According to Purnell, the District Court failed to consider his argument that the revised guideline range, even as modified by Amendment 706, still reflected a significant disparity between crack and powder cocaine sentences. He further argues that the District Court treated the guideline range as though it was mandatory.

We review a claim that a district court committed procedural error in sentencing under an abuse of discretion standard. *United States v. Tomko,* 562 F.3d 558, 567 (3d Cir.2009) (en banc). "[T]he party challenging the sentence has the burden of demonstrating unreasonableness." *Id.*

We conclude that Purnell has failed to meet his burden. The District Court properly calculated the guideline range, noting that it had been revised to reflect the lower offense level applicable to the distribution of crack cocaine pursuant to Amendment 706 and the benefit of qualifying under the safety valve provision. The Court pointed out that there were no objections to the presentence report. Accordingly, consistent with the Supreme Court's instruction in *Gall v. United States,* the District Court afforded "both parties an opportunity to argue for whatever sentence they deem[ed] appropriate[.]" 552 U.S. 38, 49, 128 S.Ct. 586, 169

---

1. The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

L.Ed.2d 445 (2007). The Court also heard the impassioned testimony of Purnell's pastor, his aunt, and his mother, all of them urging a lenient sentence.

At the conclusion of this testimony, the District Court observed that all but one of the § 3553(a) factors had been accounted for in the guideline analysis, and that the "one factor not included in the calculation [wa]s this defendant's personal history and characteristics." Purnell argues that this statement shows that the District Court considered only his personal history and characteristics, instead of all of the § 3553(a) factors, and that it treated the guideline range as though it was mandatory. We disagree in light of the Court's subsequent remarks. It noted that on remand Purnell's revised guideline range included the lower offense level applicable to crack cocaine, that Purnell no longer faced the mandatory minimum of ten years, that his personal life was marred by an "unstable home life," and that he had resorted to distributing drugs and "poisoning his community." The District Court then exercised its discretion and weighed these circumstances to determine if on resentencing a variance from the "revised advisory guideline range" of 97 to 121 months was warranted, and concluded that a within guidelines sentence was needed to "provide just punishment and adequate deterrence." This analysis not only demonstrated that the District Court was well aware of the advisory nature of the guidelines, it also complied with the *Gall* Court's mandate that the District Court "make an individualized assessment based on the facts presented." *Id.* at 50, 128 S.Ct. 586.

We conclude that the District Court's sentence was procedurally sound. For that reason, we will affirm the District Court's sentence of 102 months of imprisonment.